UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| KEVIN JERMAINE DAVISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:08-CV-151 PS |
| | ) | |
| STEVEN CARTER, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Kevin Jermaine Davison, a *pro se* prisoner, filed a habeas corpus petition to challenge his March, 2000, conviction and seventeen-year sentence imposed after a jury trial in the Tippecanoe County Superior Court.[Petition for Writ of Habeas Corpus, DE 1 at 1]. Davison served about six years and was released from imprisonment in September 2005. Following his release, he served one year on probation. An order requiring him to pay $26,799.61 in restitution remains in effect. [DE 1 at 18].

There are substantial questions about whether Davison properly exhausted his state court remedies before filing the present petition. But I need not decide that issue because Davison's petition cannot get to first base. The sole basis of federal habeas jurisdiction under 28 U.S.C. § 2254 is that the petitioner is a "person in custody pursuant to the judgment of a state court" being challenged. *Hadley v. Holmes*, 341 F 3d 661, 664 (7th Cir. 2003) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). Davison indicates he was released from prison almost three years ago, and according to court records he resides in Detroit. The only matter still hanging over his head as a result of his conviction is the restitution order. But habeas corpus relief from monetary

1

penalties is generally unavailable. *Hanson v. Circuit Court of First Judicial Circuit of Illinois*, 591 F. 2d 404, 407 (7th Cir. 1979) (holding a "fine-only" criminal conviction does not constitute "custody" within the meaning of 28 U.S.C. § 2254).  Although it is a collateral consequence of Davison's conviction, financial restitution is not a significant restraint upon his liberty so as to make his claims cognizable in a habeas corpus action.  The Seventh Circuit recently made this point in *Virsnieks v. Smith*, 521 F. 3d 707, 720 (7th Cir. 2008) when it noted that "the possibility that the court will resort to imprisonment to enforce the fine is considered too remote and speculative to warrant the invocation of federal habeas jurisdiction." *Id.* (quoting *Tinder v. Paula*, 725 F.2d 801, 804 (1st Cir. 1984)).  Even if Davison may be incarcerated for not making restitution payments as directed, the future threat of incarceration does not satisfy the custody requirement for jurisdiction. *Hanson*, 591 F.2d at 407, n.6 (holding the possibility of incarceration for nonpayment of a fine does not satisfy habeas custody requirement). Because Davison states that the payment of restitution is the only aspect of his sentence remaining in force, the Court must dismiss this petition. *See* Fed. R. Governing Section 2254 Cases 4.

Therefore, the Court **DISMISSES** this petition for lack of jurisdiction.

**SO ORDERED**.

ENTERED: July 21, 2008.

                                             s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT